19MAG4789                              ORIGINAL

Approved: _____
               DANIEL H. WOLF
               Assistant United States Attorney

Before:    HONORABLE STEWART D. AARON
               United States Magistrate Judge
               Southern District of New York

-----------------------------------x
                                    :
UNITED STATES OF AMERICA            :      COMPLAINT
                                    :
          - v. -                    :      Violation of 21 U.S.C.
                                    :      § 846
CARLOS SMITH PITTERSON,             :
                                    :      COUNTY OF OFFENSE:
               Defendant.           :      BRONX
                                    :
-----------------------------------x

STATE OF NEW YORK              ) ss:
SOUTHERN DISTRICT OF NEW YORK  )


     STEPHANIE R. RAMIREZ, being duly sworn, deposes and says
that she is a Special Agent with the Drug Enforcement
Administration ("DEA"), and charges as follows:

## COUNT ONE
### (Narcotics Conspiracy)

     1.    From in or about April 2019, up to and including in or
about May 2019, in the Southern District of New York and
elsewhere, CARLOS SMITH PITTERSON, the defendant, and others
known and unknown, intentionally and knowingly did combine,
conspire, confederate and agree, together and with each other,
to violate the narcotics laws of the United States.

     2.    It was a part and object of the conspiracy that CARLOS
SMITH PITTERSON, the defendant, and others known and unknown,
would and did distribute and possess with the intent to
distribute controlled substances, in violation of Title 21,
United States Code, Section 841(a)(1).

     3.    The controlled substances that CARLOS SMITH PITTERSON,
the defendant, conspired to distribute and possess with intent
to distribute were:

        a.    1 kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(A); and

        b.    40 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(B).

            (Title 21, United States Code, Section 846.)

      The bases for my knowledge of the foregoing charge are, in part, as follows:

      4.    I am a Special Agent with the DEA and I have been personally involved in the investigation of this matter.  This affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals.  Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation.  Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

                    The April 25, 2019 Buy

      5.    Based on my participation in this investigation, including my review of law enforcement records and reports, my conversations with other law enforcement officers and witnesses, and my training and experience, I have learned the following, in substance and in part:

        a.    On or about April 25, 2019, a DEA confidential source ("CS-1"[1]) contacted by telephone a third party ("Individual-1") known to CS-1 to engage in the sale of narcotics.  CS-1 expressed to Individual-1 that CS-1 wanted to purchase approximately 450 fentanyl-laced oxycodone pills.  In response, Individual-1 directed CS-1 to call a telephone number

---

[1] CS-1 is a paid informant for the DEA and has provided information to law enforcement on multiple occasions.  The information provided by CS-1 has been deemed reliable and CS-1's information has been corroborated in part by independent evidence, including recordings.

ending in 0880 (the "0880 Phone Number").  CS-1 then called the 0880 Phone Number, spoke to a male individual ("Individual-2"), and agreed to meet with Individual-2 in the vicinity of 174th Street and Morris Avenue in the Bronx, New York. As set forth below, *infra*, ¶ 15, Individual-2 has been identified as CARLOS SMITH PITTERSON, the defendant.

   b.   Later that day, on or about April 25, 2019, CS-1 drove a vehicle ("Vehicle-1") to the vicinity of 174th Street and Morris Avenue and parked Vehicle-1 in front of a particular apartment building located on Morris Avenue ("Building-1").  A man then approached Vehicle-1 on foot, entered the front passenger side door to Vehicle-1, and, in exchange for $7,000, provided CS-1 with a bottle containing approximately 450 green circular pills with "M" on one side and "30" on the other side (the "April 25 Pills").  The man, whom CS-1 understood to be Individual-2 based on CS-1's phone communications with Individual-2 setting up the deal (and who was later identified as PITTERSON), then exited Vehicle-1 and, approximately 30 minutes later, was observed by law enforcement agents entering another vehicle ("Vehicle-2")and driving away in it.

   6.   Based on my participation in this investigation, including my review of law enforcement records and reports, and my conversations with other law enforcement officers, I have learned that the April 25 Pills were subsequently tested in a DEA laboratory and determined to contain fentanyl, totaling approximately 448 pills, and weighing approximately 48 grams in total.

                    The May 1, 2019 Buy

   7.   Based on my participation in this investigation, including my review of law enforcement records and reports, my conversations with other law enforcement officers and witnesses, and my training and experience, I have learned the following, in substance and in part:

   a.   On or about May 1, 2019, CS-1 called the 0880 Phone Number, spoke with CARLOS SMITH PITTERSON, the defendant, and arranged to purchase from PITTERSON approximately 150 fentanyl-laced oxycodone pills in exchange for $2,250.  During the phone call, CS-1 and PITTERSON agreed to meet in front of Building-1 to conduct the transaction.

   b.   Later that day, on or about May 1, 2019, CS-1 drove Vehicle-1 to the vicinity of Building-1 and parked.

PITTERSON, who was driving Vehicle-2, pulled up alongside Vehicle-1 and then parked Vehicle-2 nearby.  Shortly thereafter, PITTERSON entered Vehicle-1, received $2,250 from CS-1, exited the vehicle and was observed by law enforcement agents entering a particular apartment in Building-1 ("Apartment-1"), and then observed by law enforcement agents returning to Vehicle-1. Inside Vehicle-1, PITTERSON provided CS-1 with a bottle containing approximately 150 green circular pills with "M" on one side and "30" on the other side (the "May 1 Pills").

8.    Based on my participation in this investigation, including my review of law enforcement records and reports, and my conversations with other law enforcement officers, I have learned that the May 1 Pills were subsequently counted and determined to total approximately 151 pills.

9.    Based on the shape and color of the May 1 Pills, which appear to be similar to the April 25 Pills, my conversations with other law enforcement officers, the facts set forth above, and my training and experience, I believe the May 1 Pills are fentanyl-laced oxycodone pills.

### The May 9, 2019 Buy

10.    Based on my participation in this investigation, including my review of law enforcement records and reports, my conversations with other law enforcement officers and witnesses, and my training and experience, I have learned the following, in substance and in part:

a.    On or about May 9, 2019, CS-1 called the 0880 Phone Number, spoke with CARLOS SMITH PITTERSON, the defendant, and arranged to purchase from PITTERSON approximately 425 fentanyl-laced oxycodone pills for $4,600.  During the phone call, CS-1 and PITTERSON agreed to meet in front of Building-1 to conduct the transaction.

b.    Later that day, on or about May 9, 2019, CS-1 drove Vehicle-1 to the vicinity of Building-1 and parked. PITTERSON exited the front door of Building-1 and entered the front passenger seat of Vehicle-1, where CS-1 provided PITTERSON with $4,600 in cash and PITTERSON provided CS-1 with two pill bottles collectively containing approximately 425 green circular pills with "M" on one side and "30" on the other side (the "May 9 Pills").

11.   Based on the shape and color of the May 9 Pills, which appear to be similar to the April 25 Pills and the May 1 Pills, my conversations with other law enforcement officers, the facts set forth above, and my training and experience, I believe the May 9 Pills are fentanyl-laced oxycodone pills.  ·

### The May 9 Agreement

12.   Based on my participation in this investigation, including my review of law enforcement records and reports, my conversations with other law enforcement officers and witnesses, and my training and experience, I have learned the following, in substance and in part:

a.   On or about May 9, 2019, while inside Vehicle-1 with CARLOS SMITH PITTERSON, the defendant, for the purpose of purchasing the May 9 Pills, CS-1 expressed an interest to PITTERSON in purchasing from PITTERSON a kilogram of fentanyl (the "Kilogram").  PITTERSON responded, in substance and in part, that he could and would obtain the Kilogram in exchange for approximately $53,000.

b.   Approximately one hour later, on or about the same day, CS-1 spoke by telephone with PITTERSON to discuss further CS-1 purchasing the Kilogram.  PITTERSON informed CS-1, in substance and in part, that PITTERSON needed to call a third party, PITTERSON's supplier, to ascertain the location and availability of the Kilogram.

c.   Later that day, on or about May 9, 2019, PITTERSON notified CS-1 by telephone, in substance and in part, that PITTERSON could obtain and sell CS-1 either a kilogram of fentanyl or a kilogram of heroin (the "Substance"), but that PITTERSON was not yet certain which of fentanyl or heroin he would be able to sell to CS-1.

### The May 15, 2019 Arrest

13.   Based on my participation in this investigation, including my review of law enforcement records and reports, my conversations with other law enforcement officers and witnesses, and my training and experience, I have learned the following, in substance and in part:

a.   On or about May 15, 2019, at approximately 2:03 p.m., CS-1 called the 0880 Phone Number, spoke to CARLOS SMITH PITTERSON, the defendant, and came to an agreement with

PITTERSON that PITTERSON would obtain and sell to CS-1 the Substance that day.

b. Later that day, at approximately 8:40 p.m., law enforcement agents surveilling PITTERSON observed the following:

i. PITTERSON drove Vehicle-2 to a location in the vicinity of 174th Street and Croes Avenue in the Bronx, New York.

ii. PITTERSON parked Vehicle-2 in the vicinity of 174th Street and Croes Avenue in the Bronx, New York.

iii. An unidentified male ("Individual-3") entered the back, passenger-side seat of Vehicle-2 and exited Vehicle-2 approximately 30 seconds later.

c. At approximately 8:45 p.m. (approximately five minutes after Individual-3 exited Vehicle-2), PITTERSON informed CS-1 via telephone, in substance and in part, that PITTERSON had obtained the Substance and wanted to arrange a meeting with CS-1 so that PITTERSON could sell CS-1 the Substance.

d. At approximately 8:58 p.m., law enforcement agents initiated a car stop of Vehicle-2. PITTERSON, who was driving Vehicle-2, provided consent to search Vehicle-2. During a search of Vehicle-2, law enforcement agents found and seized a plastic-wrapped substance in the back passenger area of Vehicle-2, which appeared to them, based on their training and experience, to be a quantity of narcotics.

e. On or about May 16, 2019, the substance recovered from Vehicle-2 was weighed and determined to be approximately 561.4 grams, and field tested positive for the presence of heroin.

The May 15, 2019 Search of Apartment-1

14. Based on my participation in this investigation, including my review of law enforcement records and reports, my conversations with other law enforcement officers and witnesses, and my training and experience, I have learned that on or about May 15, 2019, law enforcement agents searched Apartment-1,[2] upon

---

[2] As noted above, *supra* ¶ 7, Apartment-1 is the apartment inside Building-1 that CARLOS SMITH PITTERSON, the defendant, was observed entering on or about May 1, 2019, after having been

receiving consent from its occupant, and found, among other
items, the following:

> a.    Two plastic bags, one containing a brown powdery
> substance, and one containing a white powdery substance, and a
> scale the law enforcement agents believed, based on their
> training and experience, to be used for drug distribution.

> b.    On or about May 16, 2019, the substances
> recovered from Apartment-1 were weighed and determined to be,
> together, approximately 490 grams, and field tested positive for
> the presence of heroin.

### The Identification of the Defendant

15.    Based on my participation in this investigation,
including my review of law enforcement records and reports, my
conversations with other law enforcement officers and witnesses,
and my training and experience, I have learned the following, in
substance and in part:

> a.    Vehicle-2 is registered to CARLOS SMITH
> PITTERSON, the defendant.

> b.    Photographs maintained in a Government database
> of PITTERSON (the "Government Photographs") appear to depict the
> same person who other law enforcement agents and I have observed
> inside Vehicle-2, entering and exiting Vehicle-1 when the April
> 25 Pills, May 1 Pills, and May 9 Pills were sold, and entering
> and exiting Apartment-1 shortly before making the sale of the
> May 1 Pills.

> c.    The Government Photographs also appear to depict
> the same person who other law enforcement agents and I observed
> driving Vehicle-2 on or about May 15, 2019, including when
> Individual-3 entered the rear passenger-side seat of Vehicle-2
> for approximately 30 seconds and when Vehicle-2 was subjected to
> a traffic stop.

> d.    When law enforcement agents stopped Vehicle-2 on
> or about May 15, 2019, the only individual in Vehicle-2, the
> driver, presented a New York State driver's license in the name
> of "Carlos Smith Pitterson."

---

paid $2,250 and before PITTERSON exited Building-1 and provided
CS-1 with a bottle containing the May 1 Pills.

WHEREFORE, I respectfully request that CARLOS SMITH PITTERSON, the defendant, be imprisoned, or bailed, as the case may be.

STEPHANIE R. RAMIREZ
Special Agent
DEA

Sworn to before me this
16th day of May, 2019

HONORABLE STEWART D. AARON
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK