```
UNITED STATES OF AMERICA,    )
   Plaintiff,                )    CASE NO. 1:19-cr-00468-JSR-1
                             )
        v.                   )    MOTION UNDER 28 U.S.C. §2255 TO
                             )    VACATE, SET ASIDE, OR CORRECT
CARLOS SMITH PITTERSON,      )    SENTENCE BY A PERSON IN
   Defendant/Movant          )    FEDERAL CUSTODY
_____)
```

1. Location of court which entered the judgment of conviction under attack: District Court for the Southern District of New York (Foley Square)

2. Date of judgment of conviction: August 25, 2020

3. Length of sentence: 120 months imprisonment, 3 years supervised release

4. Nature of offense involved (all counts): Distribution and possession with intent to distribute fentanyl and heroin; Conspiracy to distribute fentanyl

5. What was your plea: Not Guilty

6. If you pleaded not guilty, what kind of trial did you have? Trial by Jury

7. Did you testify at trial? Yes

8. Did you appeal from the judgment of conviction? Yes

9. If you did appeal, answer the following:

   (a) Name of court: U.S. Court of Appeals for the Second Circuit

   (b) Docket or case number: 20-2994-cr

   (c) Result: Judgment was affirmed

   (d) Date of result: March 15, 2022

   (e) Citation of case (if you know): N/A

   (f) Grounds raised:
(1) The District Court's jury instructions about entrapment violated defendant's constitutional right to present a defense.
(2) The instructions undermined defendant's right to present a defense and rendered the trial fundamentally unfair.
(3) The District Court erred by repeatedly mentioning duress.
(4) Ineffective assistance of counsel for failure to argue for 5K2.12.

   (g) Did you file a petition for certiorari in the U.S. Supreme Court? No

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court? No

11. If your answer was "Yes", give the following information: N/A

12. State concisely every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground:

In U.S. Sentencing Guideline 1(4)(B), which establishes statute governing sentencing departures a departure is defined as:

"An aggravating or mitigating circumstance of a kind or to a degree, not adequately taken into consideration by the sentencing commission in formulating the guideline that should result in a sentence different from that described."

Section 5K.2.12 further expands upon the specific issue of coercion and duress, stating:

"If the defendant committed the offense because of serious coercion, blackmail or duress, under circumstances not amounting to a complete defense, the court may depart downward." (Later: "Ordinary coercion will be sufficiently serious to warrant departure only when it involves a threat of personal injury, substantial damage to property or similar injury resulting from the unlawful action of a third party or from a natural emergency.)"

The U.S. Constitution protects and holds sacred an accused's right to a fair trial and to be represented by an attorney to receive what is known as "effective service of counsel". In addition to the services of an attorney, an accused has the absolute right to participate in his or her own defense, a right given by the Constitution's Fifth Amendment, which guarantees due process of law.

From the very beginning of Mr. Pitterson's case he has maintained his innocence by means of what is known as "coercion and duress" but was, in Mr. Pitterson's terms, simply fear for the lives of him and his family. As testimony at trial and the pre-sentence investigation have shown, the defendant was a new American who immigrated from Panama to establish a better

life for him and his family; however, his peaceful existence as a taxi driver was shattered by an encounter with Pepe, a local Dominican gang leader:

"On April 15, 2019 (i.e. before the first controlled buy), defendant retrieved [Pepe's] money, but then lost it. (Tr.485). When defendant called Pepe to report the bad news, Pepe started shouting, and threatened to have 'people' kill defendant. (Tr.486). Pepe would call defendant every day. (Tr.487). Defendant was upset and depressed; he wasn't able to think and was terrified. (Tr.487-88). Pepe told defendant that if he asked for help from the police, then he would 'kill me sooner.' (Tr.488). Every day, Pepe threatened defendant. (Tr.488).

"Pepe told defendant that he would be killed unless he followed Pepe's directions (Tr.491). Pepe ordered defendant to pick up pills from his niece-- Pepe referred to the pills as 'medication'--and then to deliver them to someone who would call later. (Tr.492). Pepe said that this person's name was Caramelo, and that Caramelo would identify himself by saying that he was calling on Pepe's behalf. (Tr.492). Defendant really didn't want to do what Pepe ordered. (Tr.492).

"On April 25, 2019 (i.e., the day of the first controlled buy), Pepe called defendant 13 times. (Tr.494). After that, Caramelo called defendant. (Tr.494-95). In total, Caramelo called defendant 10 times that day. (Tr. 258, 261-62). Caramelo was the government's confidential source. (Tr.504). Caramelo demanded to know where his medication was, he accused defendant of trying to steal it, and he threatened to call Pepe 'so that he could set [defendant] straight.' (Tr.504)."

The judge in this case, in reference to these threats, said: "[I]t seems to me that the statements were consistent with his argument that he was not predisposed to do drug deals. Because if he were, he would have said I would to do this. Don't even bother about threatening me. We got a deal, buddy, let's go. Or something to that effect."

Despite all of this and the defendant's pleading otherwise, his court-appointed attorneys not only failed but flat-out refused their client's pleas to assert an affirmative defense. The District Court ruled that "because the defendant is no longer pursuing the duress of the affirmative defense [sic], therefore, the spoliation becomes moot." In fact, the only time the

defendant is no longer pursuing the duress of the affirmative defense [sic], therefore, the spoliation becomes moot." In fact, the only time the defendant's attorneys sought to assert any form of this defense was during the jury instruction phase of the trial:

"(Tr.74). Defendant [cited] to United States v. McClure, 546 F.2nd 670 (5th Cir. 1977)--discussed infra--and arguing that the evidence of threats and intimidation 'is admissible to show lack of criminal intent by a defendant.' (Tr.74). Eager to get the proceedings underway, the Court promised that it would 'continue that discussion' at a later time. (Tr.75)."

This promise further denied and barred the defendant from his right to assert this defense. Further, defendant's attorney failed to petition the court for a §5K2.12 departure in sentencing. United States v. Colto (347 F.3d 441 (2d Cir. 2003)) states that:

"Although affirmative defense of duress requires well-founded fear of imminent bodily harm with no opportunity to escape, §5K2.12 requires only more general threat of physical injury or substantial damage to property, and thus reflects broader conception of coercion than does affirmative defense."

Also, Gonzalez v. United States (722 F.3d 118 (2d Cir., July 10, 2003)) presents a similar case of resentencing due to failure to argue for a downward departure at sentencing:

"The hypothetical sentencing arguments proffered by Gonzalez's new counsel, along with the district court's reference to some of them as potentially 'effective' arguments, suffice to undermine our confidence in the outcome of Gonzalez's original sentencing and thus to show that the reasonable probability standard with respect to the sentencing claim was met. We conclude that Gonzalez is entitled to be resentenced."

Likewise, it is defendant Pitterson's contention that the court should recognize the denial of his constitutional rights and allow him to be given a new trial or resentenced.

13. If any of the grounds in Question 12 were not previously presented, state briefly what grounds were not presented, and give your reasons for not presenting them: Neither defense attorney brought up these issues in court so this is Mr. Pitterson's first opportunity to present these claims. He waived his right to appeal in the plea agreement, but retained his right to file a §2255 motion alleging ineffective assistance of counsel.

14. Do you have any petition or appeal now pending in any court? No

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

   (a) At preliminary hearing: Camille Marie Abate

   (b) At arraignment and plea: Camille Marie Abate

   (c) At trial: Camille Marie Abate

   (d) At sentencing: Camille Marie Abate

   (e) On appeal: Jamesa J. Drake
                  P.O. Box 56
                  Auburn, ME 04212

   (f) In any post-conviction proceeding: N/A

   (g) On appeal from any adverse ruling in a post-conviction proceeding: N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time? Yes

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? No

Wherefore, movant prays that the Court will grant him all relief to which he may be entitled in this proceeding.

DATED this 13th day of June, 2022

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully,

Carlos Smith Pitterson
#76307-054
F.C.I. Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640

CERTIFICATE OF SERVICE

I hereby certify that a copy of the attached pleading has been sent via first class mail postage prepaid upon:

Danielle R. Sassoon
Assistant U.S. Attorney
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
Office of the Clerk
500 Pearl Street
New York, NY 10007-1312

Clerk
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
Office of the Clerk
500 Pearl Street
New York, NY 10007-1312

                                    Respectfully submitted,

                                    Carlos Smith Pitterson
                                    #76307-054
                                    F.C.I. Fort Dix
                                    P.O. Box 2000
                                    Joint Base MDL, NJ 08640

Dated: July 08, 2022

76307-054
FCI FT DIX
PO Box 2000
JT BASE MDL, NJ 08640

Crim Dkt
4F

CLERK OF COURT
US DISTRICT COURT
S. DISTRICT NEW YORK
500 PEARL STREET
New York, NY 10007

RECEIVED
JUL 28 2022
CLERK'S OFFICE
S.D.N.Y.

TRENTON NJ 085
26 JUL 2022 PM 6 L

10007-131508