UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    -v-<br><br>CARLOS SMITH PITTERSON,<br><br>            Defendant. | 19-cr-468<br><br><br>ORDER |

JED S. RAKOFF, U.S.D.J.:

On November 1, 2019, a jury convicted defendant Carlos Smith Pitterson of a drug conspiracy and substantive distribution offenses. On August 19, 2020, the Court sentenced Pitterson to the mandatory minimum sentence of 120 months of imprisonment. Pitterson moved for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) on January 11, 2024, ECF No. 67, and the Government filed an opposition on April 22, 2024, ECF No. 68.[1] The Court hereby denies the motion for two independent reasons: Pitterson has not shown that, as required by statute, he has exhausted administrative remedies, and he has not demonstrated that a sentence reduction is warranted by an extraordinary and compelling reason.

---

[1] Pitterson previously moved for a sentence reduction under a different provision, 18 U.S.C. § 3582(c)(2), in light of a recent amendment to the Federal Sentencing Guidelines. ECF No. 65. The Court denied that motion because Pitterson's conviction is subject to a mandatory minimum term of imprisonment that the Guidelines amendment did not alter. ECF No. 66.

1

A criminal defendant seeking to reduce his sentence under Section 3582(c)(1)(A) must have "fully exhausted all administrative rights," meaning that he must first have presented his request to the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A). The defendant may then file a motion in the sentencing court if the BOP does not act on the request within 30 days, or if the defendant has fully "appeal[ed] a failure of the [BOP] to bring a motion on the defendant's behalf," "whichever is earlier." Id.

Pitterson has not shown that he presented this request for a sentence reduction -- which is based on his argument that he has been rehabilitated and suffered a more punitive period of incarceration than intended because of the COVID-19 pandemic -- to the BOP. ECF No. 67 ("Mot."). Although his motion attaches a BOP response to a request for an administrative remedy, that request was to "receive federal time credit" for a period when Pitterson was on home confinement, not for a sentence reduction under Section 3582(c)(1)(A). Id. at 11. While it may be the case that a defendant need not present every single argument to the BOP that he may later make to the sentencing court, see United States v. Torres, 464 F. Supp. 3d 651, 655-57 (S.D.N.Y. 2020), a defendant must have at the very least invoked the same general basis for relief -- here, that a reduction is warranted because of some extraordinary and compelling reason rather than for the mere technical reason of crediting time

that Pitterson has already served in home confinement, cf. United States v. Williams, 987 F.3d 700, 703 (7th Cir. 2021) ("The exhaustion requirement is designed to allow the [BOP] to bring a 'motion on the defendant's behalf,' before he moves on his own behalf. § 3582(c)(1)(A). And the [BOP] cannot determine whether it should bring a compassionate-release motion if an inmate does not explain in his request the ground justifying his release.").

Even if Pitterson had properly exhausted administrative remedies, however, his motion must be denied for the separate, independent reason that he has not shown that "extraordinary and compelling reasons warrant" a reduction of his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Pitterson argues that there are three such reasons: the fact that he had zero criminal history points at the time of the instant offenses, the COVID-19 pandemic, and his rehabilitation. The Court disagrees that these are extraordinary and compelling. First, the Court was aware when it initially sentenced Pitterson that he had no criminal history points. It is true that, had he been sentenced today, Pitterson's Guidelines sentencing range may have been lower because of retroactive amendments to the Sentencing Guidelines. See U.S.S.G. § 4C1.1(a). But a sentence reduction on that ground is governed by Section 3582(c)(2), not Section 3582(c)(1)(A), and the Court has already denied Pitterson's motion under Section 3582(c)(2) because of the mandatory minimum

3

term of imprisonment he still faces. See ECF No. 66; RadLAX Gateway Hotel, LLC v. Amalgamated Bank, 566 U.S. 639, 645 (2012) (explaining that where "a general authorization and a more limited, specific [statutory] authorization exist side-by-side, . . . [t]he terms of the specific authorization must be complied with").

Second, while the Court agrees that the duration of the COVID-19 pandemic was unforeseen when Pitterson was sentenced on August 19, 2020, Pitterson does not identify any risks or consequences of the pandemic that were particular to him or his facility. See United States v. Jones, 17 F.4th 371, 374 (2d Cir. 2021) (noting the importance of "a defendant's individualized characteristics" in an "assessment of whether extraordinary and compelling circumstances exist"). Pitterson thus has not shown that the COVID-19 pandemic presented "extraordinary and compelling reasons" for a sentence reduction in his individual case. 18 U.S.C. § 3582(c)(1)(A)(i). Finally, Pitterson asserts that he has been rehabilitated because he "has not incurred a single disciplinary infraction during his incarceration," he has completed multiple educational courses and programs, and he "has maintained employment during his incarceration." Mot. at 7. Pitterson recognizes that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason," 28 U.S.C. § 994(t), but argues that his rehabilitation can provide such a reason in combination

4

with the other circumstances he has identified. Having rejected the other two potential extraordinary and compelling reasons that Pitterson advances, the Court disagrees.

Because Pitterson has neither exhausted his administrative remedies through the BOP nor identified extraordinary and compelling reasons that warrant a sentence reduction, the Court denies the motion under Section 3582(c)(1)(A). The Clerk is respectfully directed to close document 67 on the docket.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       April 24, 2024