UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

CARLOS SMITH PITTERSON,

Defendant.

19-cr-468 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

Before the Court is defendant Carlos Smith Pitterson's second motion for compassionate release. For the reasons stated below, the Court denies the motion.

I.  Background

On November 1, 2019, a jury convicted Mr. Pitterson of a drug conspiracy, as well as various substantive distribution offenses. See ECF No. 29. On August 19, 2020, the Court sentenced Mr. Pitterson to a mandatory minimum sentence of 120 months of imprisonment.[1] See ECF No. 49.

Mr. Pitterson proceeded to seek various forms of post-conviction relief. As relevant here, on January 11, 2024, he moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). See ECF No. 67. The Court denied the motion for two independent reasons. See ECF No. 69. First, the Court determined that Mr.

---

[1] Defendants, like Mr. Pitterson, who receive mandatory minimum sentences are not automatically precluded from seeking compassionate release. See United States v. Halvon, 26 F.4th 566, 570 (2d Cir. 2022).

1

Pitterson had not exhausted his administrative remedies. Second, the Court concluded that Mr. Pitterson had not demonstrated that extraordinary and compelling reasons warranted reducing his sentence. Mr. Pitterson did not appeal the Court's decision.

Instead, on or about August 23, 2024, Mr. Pitterson, proceeding pro se, moved for compassionate release a second time. See ECF No. 70. Briefing on that motion concluded on November 22, 2024. See ECF Nos. 71-74.

II.  Discussion

District courts are authorized to modify a defendant's sentence under section 3582(c)(1)(A) where (1) the defendant has complied with the administrative exhaustion requirement, (2) the defendant has demonstrated that extraordinary and compelling reasons warrant a sentence reduction, (3) the 18 U.S.C. § 3553(a) factors are consistent with a lesser sentence than that previously imposed, and (4) there is a particular sentence reduction consistent with the section 3553(a) factors that is warranted by extraordinary and compelling reasons. See United States v. Garcia, 505 F. Supp. 3d 328, 331 (S.D.N.Y. 2020). District courts have broad discretion to determine what facts, if any, qualify as extraordinary and compelling reasons justifying a sentence reduction. See United States v. Brooker, 976 F.3d 228, 236 (2d Cir. 2020).

At the outset, the Court concludes that Mr. Pitterson has exhausted his administrative remedies. Mr. Pitterson attaches to his opening brief an email that he sent to the Warden of Big Spring Federal Correctional Institution ("Big Spring FCI") requesting compassionate release. See ECF No. 70, at 11. In its response brief, the Government concedes that Mr. Pitterson has therefore exhausted his administrative remedies. See ECF No. 71, at 5 n.1 ("Unlike his prior motion, the defendant has attached a letter showing that, on or about June 13, 2024, the defendant petitioned his warden for compassionate release. As a result, the defendant has satisfied the administrative exhaustion requirement."). Accordingly, the Court concludes that Mr. Pitterson has satisfied the first requirement for obtaining a sentence reduction.

The Court nevertheless concludes that Mr. Pitterson has not demonstrated that extraordinary and compelling reasons warrant a sentence reduction in his case. Mr. Pitterson argues that two factors constitute extraordinary and compelling reasons for such a reduction. First, Mr. Pitterson points to his various medical conditions, including diabetes, gastroesophageal reflux disease, glaucoma, hyperlipidemia, hypertension, kidney disease, and obesity. Second, Mr. Pitterson states that he suffers from cognitive impairments. After careful consideration, the Court concludes that neither factor rises to the level of an

extraordinary and compelling reason warranting a sentence reduction.

The Court first considers Mr. Pitterson's medical conditions. The United States Sentencing Guidelines provide that a defendant's medical condition qualifies as "extraordinary and compelling" when the defendant is either (i) suffering from a "terminal illness," (ii) suffering from a medical condition that "substantially diminishes [his] ability . . . to provide self-care," (iii) suffering from a medical condition that "requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death," or (iv) at "increased risk of suffering severe medical complications or death as a result of exposure to [an] ongoing outbreak of infectious disease or the ongoing public health emergency declared by the appropriate federal, state, or local authority." U.S.S.G. § 1B1.13(B)(1).

Mr. Pitterson argues that his medical conditions prevent him from engaging in self-care, but he does not explain how or why. To the contrary, his medical records indicate that he is receiving and taking medical prescriptions and attending necessary medical appointments. See, e.g., ECF No. 70, at 20 ("Presented to the clinic walking in no distress using no mechanical support such as [a] cane."). Those records further indicate that he is "well developed and well nourished" and "appears in no acute distress."

4

Id. at 25. Accordingly, although the Court is sympathetic to Mr. Pitterson's medical conditions, the Court concludes that they do not prevent him from exercising self-care and therefore do not qualify as extraordinary and compelling reasons warranting a sentence reduction.

The Court is similarly unpersuaded that any cognitive impairments prevent Mr. Pitterson from exercising self-care. Although Mr. Pitterson states that he is suffering from cognitive impairments, he does not state what they are -- much less explain how they prevent him from exercising self-care. To the contrary, Mr. Pitterson's medical records indicate that he is not suffering from any such impairments and that is able to exercise self-care. For example, one report states that his thought content and processes are "[g]oal directed," that his memory is "[a]ppropriate," and, as especially relevant here, that he engages in "[a]ppropriate [g]rooming" practices. Id. Another report indicates that Mr. Pitterson has "verbalize[d] understanding" of his "plan of care." Id. at 19; see also id. at 23 (same). On this record, the Court concludes that Mr. Pitterson has not demonstrated that he suffers from a cognitive impairment that prevents him from exercising self-care and therefore has not established that any such impairment qualifies as an extraordinary and compelling reason warranting a sentence reduction.

Even if Mr. Pitterson had identified extraordinary and compelling reasons, the section 3553(a) factors counsel against reducing his sentence. Mr. Pitterson argues that he does not pose a danger to society and that he has made substantial efforts towards rehabilitation. However, the seriousness of Mr. Pitterson's offenses, which involved the distribution of significant quantities of highly addictive and deadly drugs, still compels the Court to leave its original mandatory minimum sentence intact.

III. Outstanding Issues

Although the Court denies Mr. Pitterson's second motion for compassionate release, it nevertheless directs the Government to address two outstanding matters in this case.

First, Mr. Pitterson has filed three separate motions to compel the return of his property when he is released from custody. See ECF Nos. 59, 62, and 63. The Government is hereby ordered to respond to those motions by no later than May 23, 2025. Mr. Pitterson may then reply to the Government's response by no later than June 20, 2025.

Second, Mr. Pitterson attached to his reply brief various emails that he sent to the Warden of Big Spring FCI in October and November 2024. See ECF No. 74, at 6-8. In two of those emails, see ECF No. 47, at 6-7, he states that prison staff opened and seized his medications, as well as various other property -- including

6

food and toiletries -- in his cell. The Government is hereby directed to investigate this incident and to provide a status update to the Court by no later than May 23, 2025.

\*\*\*

The Court has considered any and all remaining arguments and concludes that they are without merit. For the foregoing reasons, the Court denies Mr. Pitterson's second motion for compassionate release. Accordingly, the Clerk of Court is respectfully directed to close ECF No. 70.[2]

SO ORDERED.

New York, NY
4/23, 2025

JED S. RAKOFF, U.S.D.J.

---

[2] Because the Court has already denied Mr. Pitterson's petition to vacate his sentence pursuant to 18 U.S.C. § 2255, see Pitterson v. United States, No. 22-cv-6456, ECF Nos. 19 and 20, the Clerk of Court is further directed to close ECF No. 57 in this case.