UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------
UNITED STATES OF AMERICA,

-against-

CARLOS SMITH PITTERSON,

Defendant.
---------------------------------

19-cr-468 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

Defendant Carlos Smith Pitterson is serving a sentence of 120 months of imprisonment after a jury voted to convict him of engaging in a narcotics conspiracy and of committing various distribution-related offenses. See ECF Nos. 29, 49. While incarcerated, Mr. Pitterson, pro se, has filed, in addition to numerous other motions,[1] three separate motions pursuant to Federal Rule of Criminal Procedure 41(g), seeking to compel the return of property allegedly seized from him at the time of his arrest. See ECF Nos. 59, 62, 63. In response, the Government affirms that it seized Mr. Pitterson's cellphone, but denies seizing any other property belonging to Mr. Pitterson.

The Court grants the motions with respect to the cellphone. As the Government has represented, both in a letter to Mr. Pitterson and in a letter brief to the Court, it is in possession of the cellphone

---

[1] Since his conviction and sentencing, Mr. Pitterson has submitted numerous filings to the Court, including an unsuccessful motion to vacate his sentence under 28 U.S.C. § 2255, see Case No. 22-cv-6456, ECF No. 20; an unsuccessful motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), see Case No. 19-cr-468, ECF No. 66; and two unsuccessful motions for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i); see Case No. 19-cr-468, ECF Nos. 69, 75.

and is prepared to return it to any non-incarcerated individual who Mr. Pitterson identifies as his designee. According to the Government, however, Mr. Pitterson has failed to identify a designee. Mr. Pitterson is therefore directed to inform the Government of the name and address of his desired designee in a letter to be filed with the Court by no later than September 12, 2025. The Government should return the cellphone to the designee within one month of receipt of the letter. If Mr. Pitterson does not identify a designee by September 12, 2025, then the Government is ordered to return the cellphone to Mr. Pitterson upon his release from prison.

    The Court denies the motions in all other respects for two reasons. First, Mr. Pitterson's own account of the items he seeks is inconsistent. For example, although he initially claimed that officers had seized $8,093 in cash, see ECF No. 59 at 1, he later represented that officers had seized as much as $11,790, see ECF No. 77 at 1. And although his earlier filings were limited to the cash, his cellphone, his wallet, and a watch, see, e.g., ECF No. 59 at 1, his later filings included additional items, such as a gold chain, see, e.g., ECF No. 63 at 1.

    Second, the Government has repeatedly represented, in writing, that, apart from the cellphone, it is not in possession of any of Mr. Pitterson's property. Nonetheless, in an abundance of caution, the Court hereby directs the Government to provide sworn affidavits from relevant law enforcement officers affirming that, apart from the cellphone, the Government did not seize from Mr. Pitterson, at the

2

time of his arrest or thereafter, any property that is subject to return under Rule 41(g). The Government should file those affidavits with the Court by no later than October 7, 2025.

Mr. Pitterson's most recent filing in connection with his Rule 41(g) motions raises various additional issues that do not bear on the return of his property, none of which require further action by the Court. Mr. Pitterson asserts that prison officials destroyed and seized his medications on October 15, 2024, but he has since received refills of those medications, so that the issue is now moot. He also appears to ask the Court to investigate various instances of alleged misconduct by the Drug Enforcement Administration, other law enforcement officers, and his trial counsel, but those issues go well beyond the scope of a Rule 41(g) motion.

For the foregoing reasons, the Court grants in part and denies in part Mr. Pitterson's Rule 41(g) motions. The Clerk of Court is respectfully directed to close ECF Nos. 59, 62, and 63.

SO ORDERED.

New York, NY
8/7, 2025

JED S. RAKOFF, U.S.D.J.